IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| PATRICK ANDREW HIGHMAN,      §<br>Petitioner,                   §<br>                                      §<br>VS.                                  §       Civil Action No. 4:13-CV-781-C<br>                                      §<br>WILLIAM STEPHENS, Director,  §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division,    §<br>Respondent.                     § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner, Patrick Andrew Highman, TDCJ-ID # 777826, is a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) in Rosharon, Texas.

Respondent William Stephens is the Director of TDCJ. No service has issued upon Respondent.

C. Procedural History

Petitioner is serving a 50-year sentence on his 1996 conviction for indecency with a child in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0582215D. (Pet. at 2) This is petitioner's second federal habeas petition challenging the conviction. *See Highman v. Johnson*, Civil Action No. 4:00-CV-1445-Y, 2001 WL 611140 (N.D.Tex. May 31, 2001) (denying habeas relief).

D. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Section 2244(b) requires dismissal of a claim presented

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

From the face of this petition, it is apparent that this is a successive petition, and petitioner has neither alleged nor demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers).

## II. RECOMMENDATION

It is recommended that this action be transferred to the United States District Court of Appeals for the Fifth Circuit to determine whether a successive § 2254 petition should be allowed.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October __15__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October __15__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

4

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 24, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE